George William COX, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 91–691.

United States Court of Veterans Appeals.

May 7, 1992.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

On April 5, 1991, the Board of Veterans' Appeals (Board or BVA) issued a decision denying each of appellant's five claims. The Board first held that a previous BVA decision, dated December 13, 1988, denying entitlement to service connection for an acquired psychiatric disorder and for a back disorder was final and that evidence received subsequently, when considered with evidence previously of record, did not present new factual bases for grants of service connection for either condition. The Board also denied appellant's claims for entitlement to service connection for rheumatoid arthritis, ulcer disease and a hernia. For clarity, these determinations will be addressed individually.

I. *Nervous Disorder.*

Appellant, George W. Cox, served with the United States Air Force from September 17, 1952, until October 23, 1956. R. at 1. A medical examination report, dated September 22, 1952, noted that appellant had lodged "numerous nervous complaints". R. at 4. Another report, dated August 10, 1956, stated: "Nervous condi-

tion (1949 to 1952) associated with [rheumatic fever]". R. at 30. *See* R. at 297 (appellant testifying at a hearing that his nervous condition existed prior to service, but claiming that it was aggravated by service). On August 30, 1956, appellant was admitted to an Air Force hospital and was diagnosed as suffering from an acute and severe anxiety reaction. R. at 31.

The record supports the BVA's conclusion that appellant's anxiety resulted from the particular circumstances surrounding his impending discharge. *See* R. at 31, 35, 36. In a report of a psychiatric consultation, conducted at a U.S. Naval Hospital in Philadelphia, Pennsylvania, on September 2, 1956, it was reported that appellant was severely traumatized by his discharge, but that "[t]here were no signs of psychotic quality and . . . there was no indication of a significant psychiatric disorder." R. at 58, 60. He was hospitalized on September 17, 1956. R. at 35. On October 15, 1956, he was diagnosed with an acute and severe anxiety reaction. R. at 36. In all, appellant was hospitalized for three months as a result of his anxiety reaction. R. at 97.

In a rating decision of August 28, 1969, the Veterans' Administration Regional Office (VARO) denied service connection for appellant's "anxiety reaction, chronic". R. at 104. On January 7, 1970, the BVA upheld the denial of service connection, stating that appellant's "preservice psychoneurosis did not increase in severity during active service," and that his "anxiety reaction treated just prior to separation from service was an acute reaction to a stressful situation." R. at 105, 109. In its decision of June 1, 1972, the BVA stated that the evidence submitted by appellant in 1971 did not present a new factual basis for granting service connection. R. at 121, 123. Appellant's claim was reopened, but service connection was denied on January 14, 1988. R. at 210.

The BVA, in a decision dated December 13, 1988, took into consideration additional evidence submitted by appellant, but concluded that this evidence did not present a new factual basis for granting service connection. On July 24, 1989, the VARO is-sued another rating decision, holding that no new factual basis existed for granting service connection. R. at 218. In a hearing officer's decision on April 13, 1990, appellant was held not to have submitted new evidence that a nervous condition was incurred in or aggravated by service. R. at 296. A rating decision on appeal, dated June 14, 1990, came to the same conclusion. R. at 307. In its decision of April 5, 1991, the BVA held that the 1988 decision was final and that the evidence submitted subsequently, when considered with evidence previously of record, did not establish a new factual basis for a grant of service connection for a nervous condition.

In *Manio v. Derwinski*, 1 Vet.App. 140 (1991), this Court established that the BVA must perform a two-step analysis when the veteran seeks to reopen a claim based upon new evidence.

> First, the BVA must determine whether the evidence is 'new and material'. 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* at 145 (citation omitted). In its decision of April 5, 1991, the BVA properly reopened the case and, as prescribed by *Manio*, undertook a review of the entire record.

■ In concluding that appellant's nervous disorder was not incurred or aggravated during service, the BVA made a factual determination. In reviewing a finding of fact made by the Board, the Court can only "hold unlawful and set aside such finding if the finding is clearly erroneous." 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *see also Gilbert*, 1 Vet.App. at 52. In determining whether a

finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA .... we cannot overturn them." *Gilbert*, 1 Vet.App. at 53. Based on a thorough review of the record, the Court holds that there is a plausible basis to support the BVA's conclusion that, although appellant suffered a severe anxiety reaction at the time of his discharge, this episode was an acute and transitory reaction to a specific event which did not cause or exacerbate appellant's nervous condition.

## II. *Back Disorder.*

 The BVA also reopened appellant's claim for entitlement to service connection for a back disorder that was denied in the previous 1988 BVA decision. In denying this claim, the BVA relied on the lack of evidence, other than appellant's own assertions, that the condition originated in service. The BVA also relied on extensive medical documentation, much of it submitted by appellant himself, attributing appellant's present back condition to numerous intervening post-service accidents and events. *See, e.g.,* R. at 138 (documentation of a job related accident in 1960 and resulting back injury); R. at 75, (statement from a private doctor attributing appellant's back condition to the accident in 1960 and surgery in 1962); R. at 81 (documentation of spinal fusion surgery in 1961); R. at 89, 140 (evidence of second spinal fusion surgery); R. at 140, 208 (records of auto accidents in 1964 and 1973 and resulting back injuries). Accordingly, there is a plausible basis for the BVA's decision to deny entitlement to service connection.

## III. *Hernia.*

The BVA, in its 1991 decision, stated that the service medical records contained no complaints or findings of a hernia and that there was no indication of a hernia on the discharge examination in August 1956. Yet the record in fact reveals that appellant did complain of having hernia symptoms in 1953; however, because the medical examination found "no evidence of hernia" (R. at 12), any error on the part of the BVA was not prejudicial to appellant's claim. *See Soyini v. Derwinski,* 1 Vet. App. 540, 546 (1991). The Court holds that there is a plausible basis in the record for the factual determination by the BVA that a hernia was first documented many years after service. *See Gilbert,* 1 Vet.App. at 53.

## IV. *Rheumatoid Arthritis and Ulcer.*

Likewise, the Court holds that there is a plausible basis in the record for the factual determination by the BVA that both rheumatoid arthritis and ulcer disease first became manifest many years after service and are unrelated to any incident of service. *Id.*

Upon consideration of the record, appellant's informal brief, and the Secretary's motion for summary affirmance, it is the holding of the Court that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *See Gilbert. See also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski,* 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is granted and the decision of the Board of Veterans' Appeals is AFFIRMED.